UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA
OKLAHOMA CITY DIVISION

| | |
|---|---|
| ASHLEY TUBBS<br>     Plaintiff, | ) JURY TRIAL DEMANDED<br>)<br>) |
| v. | ) Case No. CIV-24-382-PRW<br>) |
| CREDENCE RESOURCE MANAGEMENT, LLC, SENTRY CREDIT, INC., and CREDIT CONTROL, LLC<br>     Defendant. | )<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff Ashley Tubbs ("Ms. Tubbs" or "Plaintiff"), by Counsel, and for her Complaint against Defendants Credence Resource Management, LLC, Sentry Credit, Inc., and Credit Control, LLC Plaintiff alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages, costs, and attorneys' fees brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692x.

1

2. The Fair Debt Collection Practices Act ("FDCPA") promotes ethical business practices by debt collectors.[1]

3. The FDCPA is a strict liability standard and generally does not require proof of intentional violation.[2]

4. Proof of actual damage is not required to establish liability for statutory damages. *See Jeter v. Credit Bureau of Ga., Inc.*, 760 F.2d 1168 (11th Cir. 1985) (actual deception of plaintiff relevant to damages but not liability).

## JURISDICTION AND VENUE

5. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue in this District is proper in that the Defendants transact business in Oklahoma County, Oklahoma and the conduct complained of occurred in in the same.

## III.   PARTIES

7. Plaintiff Ashley Tubbs (hereinafter "Ms. Tubbs") is a natural person residing in Oklahoma City, Oklahoma.

---

[1] S. Rep. No. 382, 95th Cong., 1st Sess. 1, *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696. *See also* 15 U.S.C. §§ 1692(c), 1692(e).

[2] *See Stratton v. Portfolio Recovery Assocs., L.L.C.*, 770 F.3d 443 (6th Cir. 2014); *Tourgeman v. Collins Fin. Services, Inc.*, 755 F.3d 1109 (9th Cir. 2014); *Glover v. F.D.I.C.*, 698 F.3d 139 (3d Cir. 2012); *Easterling v. Collecto, Inc.*, 692 F.3d 229 (2d Cir. 2012); *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263 (11th Cir. 2011); *Ross v. RJM Acquisitions Funding L.L.C.*, 480 F.3d 493 (7th Cir. 2007); *see also Wise v. Zwicker & Associates, P.C.*, 780 F.3d 710, 713 (6th Cir. 2015) (consumer need not prove intent to establish liability).

8. Ms. Tubbs is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(3).

9. Upon information and belief, Defendant Credence Resource Management is a Texas corporation with its principal place of business located at 17000 Dallas Parkway #204, Dallas, Texas 75248.

10. Defendant Credence Resource Management, LLC is engaged in the collection of debt from consumers using the mail and telephone.

11. Defendant Credence Resource Management, LLC regularly attempts to collect consumers' debts alleged to be due to others.

12. Defendant Credence Resource Management, LLC (hereinafter referred to as "Credence") is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

13. Upon information and belief, Defendant Sentry Credit, Inc. is a Washington corporation with its principal place of business located at 2809 Grand Ave, Everett, WA 98201.

14. Defendant Sentry Credit, Inc. is engaged in the collection of debt from consumers using the mail and telephone.

15. Defendant Sentry Credit, Inc. regularly attempts to collect consumers' debts alleged to be due to others.

16. Defendant Sentry Credit, Inc. (hereinafter referred to as "Sentry Credit") is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

17. Upon information and belief, Defendant Credit Control, LLC is a Missouri corporation with its principal place of business located at 3300 Rider Trail S, Suite 500, Earth City, MO 63045.

18. Defendant Credit Control, LLC is engaged in the collection of debt from consumers using the mail and telephone.

19. Defendant Credit Control, LLC regularly attempts to collect consumers' debts alleged to be due to others.

20. Defendant Credit Control, LLC (hereinafter referred to as "Credit Control") is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.   FACTS OF THE COMPLAINT

<u>Credence Resource Management, LLC</u>

21. On or about March 13, 2024, at approximately 11:01 a.m., Ms. Tubbs received a phone call from Credence in which Credence attempted to collect a consumer debt from Ms. Tubbs.

22. During the call, Ms. Tubbs told Credence "I am at work, I cannot talk right now."

23. On or about March 21, 2024, at approximately 2:28 p.m., Credence called Ms. Tubbs again while at work.

24. On or about March 25, 2024, at approximately 2:30 p.m., Credence called Ms. Tubbs again while at work.

25. During the call, Ms. Tubbs told Credence "Can I give you a callback, I am at work."

26. On or about April 3, 2024, at approximately 1:40 p.m., Credence called Ms. Tubbs again while at work.

27. During the call, Ms. Tubbs told Credence "Can I give you a callback, I am at work."

28. Ms. Tubbs has suffered actual damages as a result of Credence's actions including but not limited to anger, anxiety, decreased ability to focus on tasks while at work, and frustration.

Sentry Credit, Inc.

29. On or about October 6, 2023, Sentry Credit sent Ms. Tubbs a dunning text requesting that Ms. Tubbs make a payment for a debt allegedly owed to it.

30. After Sentry Credit's text, Ms. Tubbs responded to the message by writing, "I refuse to pay."

31. After Ms. Tubbs's text, Sentry Credit failed to cease communication and sent another communication to Ms. Tubbs instructing her to call the company.

32. Ms. Tubbs has suffered actual damages as a result of the actions and inactions of Sentry Credit.

Credit Control, LLC

33. On or about February 29, 2024, Credit Control sent Ms. Tubbs a dunning email requesting that Ms. Tubbs make a payment for a debt allegedly owed to Cox Communications.

34. On or about March 5, 2024, Credit Control sent Ms. Tubbs a dunning text to Ms. Tubbs.

35. Ms. Tubbs responded to the text stating, "I have no ability to pay."

36. After Ms. Tubbs's text, Credit Control failed to cease communication and sent another communication to Ms. Tubbs requesting Ms. Tubbs pay the alleged debt using her tax refund.

37. make a payment for a debt allegedly owed to Cox Communications.

38. Ms. Tubbs has suffered actual damages as a result of the actions and inactions of Credit Control.

## FIRST CLAIM FOR RELIEF
## 15 U.S.C. § 1692c(a)(1)
## (Defendant Credence Resource Management, LLC only)

39. Ms. Tubbs re-alleges and reincorporates all previous paragraphs as if fully set out herein.

40. Defendant violated the FDCPA.

41. Defendant's violations include, but are not limited to, the following:

    Defendant violated 15 U.S.C § 1692c(a)(1) of the FDCPA by intentionally communicating in connection with the collection of a debt from Plaintiff at a time and place known by Defendant to be inconvenient to Plaintiff.

42. As a result of the above violations of the FDCPA, the Defendant is liable to Ms. Tubbs for actual and statutory damages, cost, and attorneys' fees.

### SECOND CLAIM FOR RELIEF
### 15 U.S.C. § 1692c(a)(3)
### (Defendant Credence Resource Management, LLC only)

43. Ms. Tubbs re-alleges and reincorporates all previous paragraphs as if fully set out herein.

44. Defendant violated the FDCPA.

45. Defendant's violations include, but are not limited to, the following:

    Defendant violated 15 U.S.C § 1692c(a)(3) of the FDCPA by intentionally communicating in connection with the collection of a debt from Ms. Tubbs at Ms. Tubbs's place of employment.

46. As a result of the above violations of the FDCPA, the Defendant is liable to Ms. Tubbs for actual and statutory damages, cost, and attorneys' fees.

### THIRD CLAIM FOR RELIEF
### 15 U.S.C. §1692c(c)
### (Defendants Credit Control and Sentry Credit Only)

47. Ms. Tubbs re-alleges and reincorporates all previous paragraphs as if fully set out herein.

48. Defendants violated the FDCPA.

49. Defendants' violations include, but are not limited to, the following:

>Defendants violated 15 U.S.C § 1692c(c) of the FDCPA by failing to cease further communication with Ms. Tubbs after she notified it in writing that she declined to pay the debt.

50. As a result of the above violations of the FDCPA, the Defendants are liable to Ms. Tubbs for actual damages, statutory damages, and costs.

## VI.  JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Defendants for:

A. Judgment that Defendants violated the FDCPA;

B. Actual damages pursuant to 15 U.S.C. § 1692k(1)(2);

C. Statutory damages pursuant to 15 U.S.C. § 1692k(2);

D. Cost and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(3);

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

**Law By JW, PLLC**
1590 Jonesboro Rd. SE #6839
Atlanta, GA 30315
Phone: (832) 422-6362
jeff@lawbyjw.com

By: _____
JEFFREY A. WILSON